*729 OPINION OF THE COURT
William Rigler, J.
This matter provides the court with an opportunity to address an issue which has apparently caused some problems in many matrimonial actions. The issue concerns how a financial institution should act when it is served with an order restraining an individual from withdrawing funds from an account but the order is silent as to a restraint on the financial institution itself.
In matrimonial actions it is not uncommon for one party or the other to seek an injunction restraining the other party from transferring, spending, selling or in other ways disposing of assets before there is a determination as to which assets are marital in nature and how they shall be equitably divided. Often the party seeking the injunction will attempt to extend the scope of the restraint by requesting that third parties (often banks or other financial institutions such as brokerage houses) refrain from permitting withdrawals from accounts in the parties’ names. This court, with the view that the third parties are not before the court, typically refuses to stay any actions by third parties, especially when the restraint is initially presented ex parte in an order to show cause. Rather, this court will stay the parties themselves from removing the funds from the accounts. The restrained parties are clearly before the court and the court has jurisdiction over them (while that is not true of third parties).
If the party on whom the restraint is placed improperly removes funds from the accounts in question there are enforcement mechanisms available to the court. As an example the court could take into account the improper removal of the funds at the time of equitable distribution. The court could also order the immediate return of the funds. Finally, the court could find the individual in contempt of court and impose any or all of the remedies available when someone is found in contempt of court.
The net result should be pretty straightforward. The individual, who is before the court, is restrained from removing funds while the financial institution, which is not before the court, is not called upon to do anything other than honor its institutional rules concerning access to accounts.
Unfortunately, this simple resolution seems to have caused problems for the financial institutions due to the actions of members of the matrimonial bar and the reluctance of the *730 financial institutions to follow the plain dictates of court orders. It appears that some matrimonial attorneys are serving the financial institutions with the orders which stay the individuals’ actions in relation to the accounts but do not address themselves to the actions of the financial institutions. The financial institutions when faced with these orders have viewed them as being a restraint on the institution. Apparently the institutions would rather restrain the funds and risk an action against them for violating their institutional rules rather than abiding by those rules or commencing an inter-pleader action pursuant to CPLR 1006 (the proper mechanism to be used if a stakeholder believes that the ownership of an asset is in dispute).
In the situation currently before the court the scenario is just as presented above. Joyce Becker Bell, one of the plaintiffs in this action against the Roosevelt Savings Bank (hereinafter the Bank) (index No. 45166/93), is a party to a matrimonial action (index No. 17932/92). The other party in the matrimonial action, Jeffrey J. Bell, obtained a restraining order against Ms. Bell and her mother Marsha Becker, the other plaintiff in the present action (index No. 45166/93), from removing funds from an account deposited in the Bank. The restraint was contained in an order to show cause signed by this court. Ms. Becker was included in the restraint due to the fact that her name was on the account and she was to be added as a defendant in the matrimonial action (index No. 17932/92). The restraint did not apply to the Bank. In fact, in the order to show cause this court specifically deleted any restraint on the Bank as it concerned bank accounts.
Mr. Bell’s attorney served the order on the Roosevelt Savings Bank. The attorney apparently persuaded the Bank to restrict access to the subject account even though the restraint on the Bank was stricken from the order to show cause. The Bank was never placed under a restraint as to the account in question.
In response to the fact that they were no longer given access to their account, plaintiffs Joyce Becker Bell and Marsha Becker commenced this action to obtain use of their account. They seek various types of remedies and damages based upon their claim that the monies in the subject account were to be used to purchase a residence and the failure to have the funds available may result in the proposed purchase not to be consummated. The present application by plaintiffs seeks to have immediate access to the funds in question, the *731 refund of an administration fee levied by the Bank and the determination of $100,000 in compensatory damages along with punitive damages and costs. In essence, plaintiffs seek summary judgment on their action.
In response, the Bank seeks to have the plaintiffs’ action be dismissed for failure to state a cause of action and for failure to join a necessary party. The Bank also seeks sanctions against plaintiffs for commencement of a "frivolous” action.
This is obviously not a frivolous action. While the Bank attempts to place blame for the current situation on all other parties involved in these actions but itself the truth is that the Bank took the affirmative action of refusing to release funds. It was under no court order to take such action. The order of this court did not apply to the Bank. The Bank took it upon itself to act as an enforcer of a court order. If the Bank was so concerned about its rights and responsibility and those of its depositors it should have commenced an inter-pleader action. It failed to do so. Thus it will require a final resolution of this action (index No. 45166/93) to determine if the Bank in fact acted so improperly as to result in liability and if liable the extent of damages.
Insofar as plaintiffs seek summary judgment on this action there are questions of fact as concerns this account and the rules applicable to it. The court cannot grant plaintiffs’ application.
Furthermore, to grant plaintiffs’ application at this juncture would be equivalent to granting plaintiffs permission to violate the order of this court (index No. 17932/92) which prevented them, individually, from removing the funds in question. The court cannot sanction this requested relief.
This entire morass could have been avoided if the counsel in the matrimonial action had not attempted to enforce a restraint on the Bank which had been specifically denied by the court and if the Bank had not sought to read in a restraint upon it which did not exist in the order. Again if the Bank had any question as to its responsibilities the remedy is an interpleader action rather than apparently taking the law into its own hands.
Accordingly, the motion and cross motion are denied. The Bank is directed to serve an answer within 10 days of service of this order with notice of entry. The answer may include a *732 counterclaim requesting relief in the nature of an interpleader action along with the inclusion of third-party defendants. Once the answer is served, the parties to this action (index No. 45166/93) should immediately commence discovery on the claims.